United States Court of Appeals

Fifth Circuit

**F I L E D**

**April 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41306
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RAMIREZ-CASTRO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-347-ALL
---------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lazaro Ramirez-Castro was convicted after pleading guilty to illegal reentry following a prior deportation after a conviction of an aggravated felony. He now appeals that conviction and his 46-month sentence.

Ramirez-Castro argues that his previous Florida conviction of aggravated battery with a deadly weapon is not a crime of violence because it is not an offense enumerated under U.S.S.G. § 2L1.2 comment. (n.1(B)(iii) and it does not have as an element

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the use, attempted use, or threatened use of physical force against the person of another.  Ramirez-Castro's conviction for aggravated battery using a deadly weapon under FLA. STAT. ANN. § 784.045(1)(a)(2) "has as an element at least a threatened use of force" and thus was properly characterized by the district court as a crime of violence.  See United States v. Dominguez, ___ F.3d ___, 2007 WL 441885, at *1-4 (5th Cir. 2007).

Ramirez-Castro also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  Ramirez-Castro's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Ramirez-Castro properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.